IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

MARTIN E. COOPER, III                                                                                    PLAINTIFF

VS.                                             3:09CV00006-WRW

THOMAS MARTIN, et al.                                                                                 DEFENDANTS

## ORDER

Pending is Defendants' Motion for Summary Judgment (Doc. No. 12). Plaintiff has responded.[1] Plaintiff asserts claims under 42 U.S.C. § 1983, the Arkansas Civil Rights Act, and the tort of outrage, based on a criminal investigation by Officer Thomas Martin. Based on the findings of fact and conclusions of law below, Defendants' Motion for Summary Judgment is DENIED.

**I.    BACKGROUND**

On September 8, 2007, Charles Williams was beaten up after he got into a fight with Plaintiff, Jeffery McGee, and Rex Gill.[2] Investigator Thomas Martin of the Crittenden County Sheriff's Department was assigned to investigate the incident.[3] Eventually, Martin obtained an affidavit from Williams -- which indicated that Cooper, McGee, and Gill had assaulted him -- and supplied that affidavit, along with his case file to the deputy prosecuting attorney.[4] The deputy prosecuting attorney then directed Martin to provide the documents to the district judge,

---

[1]Doc. No. 19.

[2]Doc. Nos. 14, 20.

[3]*Id.*

[4]Doc. No. 14.

1

who issued warrants for the arrest of Cooper, McGee, and Gill for first degree battery.[5]  Plaintiff, who was under 18, was charged as an adult, but eventually the case against Plaintiff was *nolle prossed*.

However, the events which led to the arrest warrant being issued are at the heart of this case, and the parties' versions of events differ greatly.  According to Plaintiff: (1) on multiple occasions, Martin informed Plaintiff that he had nothing to worry about regarding the investigation; (2) despite Plaintiff's repeated attempts tell his side of the story, Martin never met with Plaintiff; (3) Martin never interviewed any of the suspects on their version of the events; (4) when applying for the warrant, Martin included affidavits from the victim, who Martin knew was extremely intoxicated the night of the events; (5) Martin misrepresented facts to the judge in his effort to get an arrest warrant, *e.g.*, he informed the judge that he "was not [getting] any cooperation" from the suspects; (6) after discovering that a warrant had been issued Plaintiff and the other suspects again asked to give Martin their version of events, but he refused a meeting.[6]

On the other hand, Martin claims (1) that over the course of a month he repeatedly attempted to contact the suspects and have them come for an interview; but the suspects never showed up; (2) he never told Plaintiff that not to worry about possible charges; (3) he was not aware of the fact that Plaintiff never struck the victim; and (4) he was unaware of any material facts in the case file being false when he presented them to the prosecuting attorney and judge.[7]

---

[5]*Id.*

[6]Doc. Nos. 1, 20.

[7]Doc. No. 14, 14-7.

## II.     SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate only when there is no genuine issue of material fact, so that the dispute may be decided on purely legal grounds.[8]  The Supreme Court has established guidelines to assist trial courts in determining whether this standard has been met:

> The inquiry performed is the threshold inquiry of determining whether there is the need for a trial -- whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.[9]

The Court of Appeals for the Eighth Circuit has cautioned that summary judgment is an extreme remedy that should only be granted when the movant has established a right to the judgment beyond controversy.[10]  Nevertheless, summary judgment promotes judicial economy by preventing trial when no genuine issue of fact remains.[11]  This court must view the facts in the light most favorable to the party opposing the motion.[12]  The Eighth Circuit has also set out the burden of the parties in connection with a summary judgment motion:

> [T]he burden on the party moving for summary judgment is only to demonstrate, *i.e.*,"[to point] out to the District Court," that the record does not disclose a genuine dispute on a material fact.  It is enough for the movant to bring up the fact that the record does not contain such an issue and to identify that part of the record which bears out his assertion.  Once this is done, his burden is discharged, and, if the record in fact bears out the claim that no genuine dispute exists on any material fact, it is then the respondent's burden to set forth affirmative evidence, specific facts,

---

[8]*Holloway v. Lockhart*, 813 F.2d 874 (8th Cir. 1987); Fed R. Civ. P. 56.

[9]*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

[10]*Inland Oil & Transp. Co. v. United States*, 600 F.2d 725, 727 (8th Cir. 1979).

[11]*Id.* at 728.

[12]*Id.* at 727-28.

3

showing that there is a genuine dispute on that issue. If the respondent fails to carry that burden, summary judgment should be granted.[13]

Only disputes over facts that may affect the outcome of the suit under governing law will properly preclude the entry of summary judgment.[14]

## III. DISCUSSION

### A. Qualified Immunity

Defendants assert that individual Martin is entitled to qualified immunity, which "protects '[g]overnment officials performing discretionary functions.'"[15] Qualified immunity shields Defendant Martin from liability if "a reasonable officer could have believed [his actions] to be lawful, in light of clearly established law and the information [that he] possess[ed]."[16] Qualified immunity is an affirmative defense, so Defendants carry the burden of proof.[17] When a defendant asserts qualified immunity, the facts must be taken in the light most favorable to Plaintiff.[18]

In support of their position, Defendants assert that "Plaintiff has sued Investigator Thomas Martin over [Plaintiff's] arrest, yet a warrant was issued for that arrest by a neutral magistrate on the basis of sworn affidavits by the victim, [and that] a warrant based on a private

---

[13]*Counts v. MK-Ferguson Co.*, 862 F.2d 1338, 1339 (8th Cir. 1988) (quoting *City of Mt. Pleasant v. Associated Elec. Coop.*, 838 F.2d 268, 273-74 (8th Cir. 1988) (citations omitted)).

[14]*Anderson*, 477 U.S. at 248.

[15]*Bankhead v. Knickrehm*, 2004 WL 239499, *2 (8th Cir. 2004) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)).

[16]*Anderson v. Creighton*, 483 U.S. 635, 641 (1987).

[17]*Sparr*, 306 F.3d at 593.

[18]See *Saucier v. Katz*, 533 U.S. 194, 201 (2001).

4

citizen's affidavit does not subject the police to liability."[19]  However, Defendants' argument misconstrues Plaintiff's claims.  Plaintiff is suing Martin in his individual capacity because, according to Plaintiff, Martin failed to adequately investigate the case; failed to interview the suspects despite their willingness to be interviewed; pursued an arrest warrant when he knew Plaintiff did not strike the victim; and mischaracterized the facts when, in his application for an arrest warrant, he told the judge that the suspects were not cooperating with the investigation.  Martin disputes Plaintiff's version of the facts.

Qualified immunity is a question of law,[20] and the Eighth Circuit has held that a denial of qualified immunity is proper when the Court could not determine what predicate facts existed to decide whether the conduct clearly violated established law.[21]  When material facts are in dispute, qualified immunity cannot be decided.[22]  At this point, there are numerous important facts in dispute regarding the investigation, and qualified immunity must be denied.

### B.      Official Capacity, Busby, and County

Municipalities cannot be held liable "under § 1983 on a respondent superior theory."[23] However, liability may exist when a "policy or custom is the moving force behind a

---

[19]Doc. No. 13.

[20]*Greiner v. City of Champlin*, 27 F.3d 1346, 1352 (8th Cir. 1994).

[21]*Baldwin v. Chandler*, 68 F.3d 478 (8th Cir. 1995) (unpublished) (citing *Arnott v. Mataya*, 995 F.2d 121, 124 (8th Cir. 1993)).

[22]*Id*. (citing *Engle v. Townsley*, 49 F.3d 1321, 1323 (8th Cir. 1995)); see also, *Littrell v. Franklin*, 388 F.3d 578, 586 (8th Cir. 2004) ("[W]here questions of historical fact exist, the jury must resolve those questions so that the court may make the ultimate legal determination of whether officers' actions were legal in light of clearly established law.").

[23]*Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978).

constitutional violation" or where training procedures or officer supervision is inadequate.[24] Although Defendants assert that Plaintiff's claims against the sheriff and county should be dismissed because there is no evidence of custom or policy, Plaintiff's claims appear to be based on inadequate supervision of Martin.

To establish an inadequate supervision claim, Plaintiff must "demonstrate that the supervisor was deliberately indifferent to or tacitly authorized the offending acts. This requires a showing that the supervisor had notice that the training procedures and supervision were inadequate and likely to result in a constitutional violation."[25]

In the Complaint, Plaintiff asserts that the "Crittenden County Sheriff's Department knew that Martin was a poor investigator, and had made terrible investigative decisions and mistakes on prior cases."[26] He also contends that "Martin usually had a separate investigator assigned to his cases, whose job it was to review Martin's work because they did not trust him to do it correctly."[27] Plaintiff asserts that the Crittenden County Sheriff's Department "failed to implement or enforce a policy or procedure" to oversee Investigator Martin, and did not adequately supervise Martin when it "kn[ew] that his investigations were incomplete, inappropriate, and false."[28]

---

[24]See *Wedemeier v. City of Ballwin, Mo.*, 931 F.2d 24, 26 (8th Cir. 1991); *Larkin v. St. Louis Housing Auth. Dev. Corp.*, 355 F.3d 1114, 1117 (8th Cir. 2004).

[25]*Tlamka v. Serrell*, 244 F.3d. 628, 635 (8th Cir. 2001).

[26]Doc. No. 1.

[27]*Id.*

[28]*Id.*

6

Although the only evidence in the record supporting Plaintiff's claims are the allegations in the complaint, Defendant has not provided evidence to contradict Plaintiff's claims. Since the burden at summary judgment is on the moving party, and Defendants failed to put forth any evidence contrary to Plaintiff's assertions, summary judgment must be denied.

### C. Tort of Outrage Claim

The tort of outrage has four elements that must be proven:

> (1) the defendant intended to inflict emotional distress or knew or should have known that emotional distress was the likely result of his conduct; (2) the conduct was extreme and outrageous, was beyond all possible bounds of decency, and was utterly intolerable in a civilized community; (3) the defendant's actions were the cause of the plaintiff's distress; (4) the emotional distress sustained by the plaintiff was so severe that no reasonable person could be expected to endure it.[29]

"Arkansas courts take a very narrow view of the claims for the tort of outrage."[30] "By extreme and outrageous, [Arkansas courts] mean conduct that is so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized society."[31] "Merely describing conduct as outrageous does not make it so."[32]

In support of their motion on the outrage claim, Defendants simply state that "Defendants' conduct cannot begin to meet the definition of outrage under Arkansas law."[33] The tort of outrage does require evidence of extreme conduct, but, at this stage, I cannot say, as a

---

[29] *Templeton v. United Parcel Serv., Inc.*, 216 S.W.3d 563, 566 (Ark. 2005).

[30] *Hamaker v. Ivy*, 51 F.3d 108, 110 (8th Cir. 1995).

[31] *M.B.M. Co., Inc. v. Counce*, 596 S.W.2d 681, 687 (Ark. 1980).

[32] *Cordes v. Outdoor Living Center, Inc.*, 781 S.W.2d 31, 35 (Ark. 1989).

[33] Doc. No. 13.

7

matter of law, that it can not prevail. Considering the numerous material facts in dispute at this point, dismissing Plaintiff's outrage claim at this time would be inappropriate.

## CONCLUSION

Based on the findings of facts and conclusions of law above, Defendants' Motion for Summary Judgment (Doc. No. 12) is DENIED.  The case remains on the court trial calendar, to commence at 9:30 a.m., Tuesday, January 26, 2010, in Jonesboro, Arkansas.

If the parties believe a settlement conference would be beneficial, they should forthwith contact my courtroom deputy, Ms. Mary Johnson.

IT IS SO ORDERED this 4th day of January, 2010.

/s/Wm. R. Wilson, Jr.
UNITED STATES DISTRICT JUDGE